UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA HOLMES,<br><br>         Plaintiff,<br><br>   v.<br><br>THUNDER VALLEY CASINO RESORT, et al.,<br><br>         Defendants. | No. 2:16-cv-00092-TLN-KJN PS<br><br><br>ORDER |

Plaintiff Christina Holmes, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.) Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed *in forma pauperis*.

   I.   Legal Standards

The determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1 malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
2 an immune defendant.

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an
8 arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
9 Franklin, 745 F.2d at 1227.

10       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
11 assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
12 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
14 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
15 upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.
16 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
17 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
18 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
19 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
20 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
21 Rhodes, 416 U.S. 232, 236 (1974).

22       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
23 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
24 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
25 pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,
26 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

27 ////

28 ////

## II. Allegations of the Complaint

Plaintiff alleges that she was "physically assaulted," "pushed," "detained," and "threatened" by her coworkers, including the named codefendant, Amy Kieng. (ECF No. 1 at 2-3.) She alleges that her coworkers made racially motivated questions and statements regarding her hair and nails and "made references to [her] having a tail." (Id.) Plaintiff claims that representatives of her employer, defendant Thunder Valley Casino Resort, refused to transfer her out of her department, allowed hostile coworkers to transfer to her shift, and asked her to cut her nails. (Id.) She further alleges that these acts were committed because of her race, color, sex, and age. (ECF No. 1 at 3.) Plaintiff attaches to her complaint right to sue letters from the Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at 6-10.) Plaintiff also attaches two pages from the Thunder Valley Casino Resort employee handbook, one of which details Thunder Valley Casino Resort's workplace violence and association policies, and the other of which is an unsigned employee acknowledgement form. (ECF No. 1 at 4-5.) Construing the complaint liberally, plaintiff alleges a claim of breach of contract, as well as apparent claims for employment discrimination, disparate treatment, hostile work environment, and retaliation under Title VII and the Age Discrimination in Employment Act.[2] (ECF No. 1 at 1-3).

////

////

---

[2] The court notes that the attached employee acknowledgement form indicates that the Thunder Valley Casino Resort may be owned and operated by a federally-recognized Indian tribe. (ECF No. 1 at 5.) If true, this would raise serious sovereign immunity questions that could potentially bar several of plaintiff's claims. Furthermore, Indian tribes are not "employers" for purposes of an employment claim under Title VII, therefore making them immune to claims brought pursuant to Title VII's provisions. See 42 U.S.C. § 2000e(b). Nevertheless, the allegations of plaintiff's complaint as they are currently constituted only vaguely allude to the possibility that the Thunder Valley Casino Resort may be owned by a federally-recognized Indian tribe, and do not affirmatively provide information as to the ownership of the Thunder Valley Casino or the employment relationship of the named codefendants with regard to that entity. Accordingly, given the fact that the court is required to construe all allegations in a light most favorable to plaintiff, the fact that sovereign immunity is an affirmative defense, and the other fundamental deficiencies in plaintiff's allegations discussed below, the court acknowledges but does not reach these potential issues at this juncture.

3

### III. Plaintiff's Claims

#### A. Breach of Contract

First, plaintiff claims that the conduct alleged against defendants in the complaint constituted a breach of contract. The elements required to state a breach of contract claim under California law are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1056 (C.D. Cal. 2014) (citing Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 820 (2011)). "Under the federal rules, a plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1102 (E.D. Cal. 2010).

Here, plaintiff appears to allege that the workplace violence policy referenced in her allegations and attached to the complaint constituted a contract or a term of a contract which existed between her and her employer, defendant Thunder Valley Casino. (ECF No. 1 at 2.) However, it is unclear whether the alleged contract is independent from or a subset of the general employment contract between plaintiff and her employer. Accordingly, it cannot be reasonably inferred from the complaint's allegations that plaintiff performed her part of the contract by carrying out her duties as an employee. (ECF No. 1 at 4-5.) Therefore, plaintiff fails to properly allege the second element of a breach of contract claim.

Furthermore, as to the third element, plaintiff alleges that the acts of violence discussed in the discrimination claims breach the contract. (ECF No. 1 at 2.) Plaintiff alleges further that "[w]hen there is an incident among team members . . . there is a due diligence that surveillance be verified/checked immediately." (Id.) However, plaintiff does not allege that this is a contractual obligation of defendants, and the attached pages, at best, reveal promises to "promptly investigate" and "take such action as [the employer] deems necessary" if there are reports of violence. (ECF No. 1 at 4.) There is no indication in the allegations of the complaint that a contractual obligation existed to prevent discrimination, violence, or to check surveillance. (Id.) Therefore, plaintiff fails to allege facts sufficient to indicate that defendants breached the terms of

4

the alleged contract.

Finally, plaintiff alleges that she should receive damages in the form of severance pay equal to three years of gross pay under her employment contract. (ECF No. 1 at 3.) However, plaintiff does not allege that she was hired for a term, or that, if she was a term employee, the term would end in three years. Nor does plaintiff allege a contractual provision that entitles her to severance pay upon the conditions alleged in the complaint. To the contrary, the employee acknowledgement page of the alleged employee handbook attached to the complaint indicates that the employment relationship between plaintiff and defendant Thunder Valley Casino Resort was at will. (ECF No. 1 at 5.) Therefore, plaintiff does not allege facts entitling her to the requested contractual damages. Because plaintiff fails to plead facts sufficient to sustain all the elements of a breach of contract claim, such a claim must be dismissed.

### B. Employment-Related Claims

Plaintiff also appears to allege facts related to various employment-related discrimination claims, appearing to couch them in terms of a breach of contract. Plaintiff fails to allege a viable breach of contract claim for the reasons discussed above. Liberally construing plaintiff's complaint, however, it appears that plaintiff attempts to also assert independent claims for race and gender discrimination under Title VII, 42 U.S.C. §§ 2000e *et seq.*, and for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq.* ("ADEA"). In particular, it appears that plaintiff attempts to state claims for disparate treatment and hostile work environment based on her membership in the three alleged protected classes, and for retaliation after she reported defendants' actions to the DFEH and the EEOC, all of which are cognizable claims under both Title VII and the ADEA. As the legal standards for these three types of claims are generally the same under both Title VII and the AEDA, the court will jointly consider plaintiff's claims under both bodies of law. See Stevens v. Cty. of San Mateo, 267 F. App'x 684, 685-86 (9th Cir. 2008) (applying the same standards to disparate treatment, hostile work environment, and retaliation claims under Title VII and the ADEA and considering the claims together.)

////

1. *Disparate Treatment*

First plaintiff alleges that she was subject to disparate employment treatment by her employer based on her age, gender, and race. The elements of a prima facie case of disparate treatment are that: (1) plaintiff belongs to a protected class; (2) plaintiff performed her job satisfactorily or was qualified for the position sought; (3) plaintiff was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008); Chuang v. Univ. of California Davis, Bd. of Trustees, 225 F.3d 1115, 1123 (9th Cir. 2000); Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir. 1988); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Similarly situated individuals do not need to be identical, but they must be similar in all material respects. Hawn v. Executive Jet Mgmt., Inc., 615 F.3d 1151, 1157 (9th Cir. 2010) (citing Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006)). In order to be similarly situated, the comparative employees must have been dealt with by the same supervisor, been subjected to the same standards and have engaged in similar conduct as the plaintiff. See Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003). Plaintiff bears the responsibility of showing that similarly situated coworkers were treated differently. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981).

Here, plaintiff clearly alleges that she is a "[b]lack female card dealer … over 40 years old," thereby meeting the first element with regard to her claims based on age, gender, and race. (ECF No. 1 at 3.) Plaintiff appears to allege several incidents as adverse employment actions, and alleges that they were taken because of her age, gender, and race. These include defendants' failure to enforce the workplace violence policy, failure to check surveillance, refusal to transfer plaintiff to another department, failure to prevent certain team members from transferring to plaintiff's shift, and request that plaintiff cut her nails. (ECF No. 1 at 2-3.) Therefore, plaintiff alleges facts sufficient to meet the third element of a disparate treatment claim.

////

////

However, plaintiff fails to allege that she satisfactorily performed her position as a card dealer or whether she was qualified for the position she alleges she sought outside of the Table Games department. Moreover, she does not allege the existence of other employees at Thunder Valley Casino Resort who, except for their membership in one of the alleged protected classes, were similarly situated to plaintiff and were treated more favorably under similar circumstances. Because the complaint contains no allegations showing that plaintiff meets the second and fourth elements for a prima facie case, plaintiff fails to state a claim for disparate treatment.

2. *Hostile Work Environment*

Plaintiff also appears to assert a hostile work environment claim under Title VII and the AEDA. In order to plead a cognizable hostile work environment claim, plaintiff must be able to show that her workplace was both subjectively and objectively hostile, i.e., "she must show that she perceived her work environment to be hostile, and that a reasonable person in her position would perceive it to be so." Dominguez-Curry v. Nevada Transp. Dep't, 424 F.3d 1027, 1034 (9th Cir. 2005). She must also be able to show that the harassment took place because of her membership in a protected category. See id.

In determining whether alleged conduct creates an objectively hostile work environment, courts "must assess all the circumstances, 'including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 270-71 (2001). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Dominguez-Curry, 424 F.3d at 1034 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).

Here, plaintiff fails to plead facts sufficient to show an objectively hostile work environment. More specifically, she fails to plead any facts indicating the frequency of the alleged discriminatory conduct or provide any indication as to how the alleged conduct interfered with her work performance. For example, plaintiff alleges "Claim V: Other – I have been detained by a Floor Supervisor and threatened by a Pit Manager" (ECF No. 1 at 3), but does not

allege any facts indicating when these incidents took place in relation to the other alleged conduct, the duration of the alleged detainment, or the nature of the alleged threats. The other conduct alleged in the complaint is also described in similarly vague terms that do not provide a context sufficient for the court to determine that plaintiff meets the objective criteria for a hostile work environment claim. Without greater factual detail, the court cannot determine that the acts alleged were more than isolated incidents, even when the allegations of the complaint are read in a light most favorable to plaintiff. Therefore, the complaint fails to allege facts sufficient to sustain hostile work environment claim.

### 3.  *Retaliation*

Finally, it also appears that plaintiff attempts to allege a claim for retaliation based on her filing complaints with the DFEH and the EEOC. The elements of a prima facie retaliation claim are: (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008). Protected activity includes filing a complaint alleging unlawful employment practices by an employer. Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011). For the purposes of a retaliation claim, an adverse employment action can be any action that well might have dissuaded a reasonable employee from making or supporting a charge of discrimination, and is not limited to actions affecting the terms and conditions of employment. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The causal link can be inferred from circumstantial facts such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action. Dawson, 630 F.3d at 936.

Here, plaintiff alleges that she engaged in protected activity by contacting the DFEH and the EEOC, therefore meeting the first element. (ECF No. 1 at 2). She also alleges that she was pushed by a pit manager, among other conduct. (Id.) Being pushed by a manager might well dissuade a person from making or supporting a charge of discrimination and therefore plaintiff has alleged facts sufficient to meet the second element. Burlington, 548 U.S. at 68. In addition, other conduct alleged in the complaint could also meet the "adverse employment action"

standard. However, plaintiff has not alleged any facts indicating that defendants' alleged conduct was carried out specifically as retaliation for plaintiff filing claims with the DFEH and the EEOC. For instance, plaintiff alleges that she was pushed by a pit manager in "retaliation," but does not allege that it was in retaliation with regard to plaintiff having filed claims with the DFEH and the EEOC. (ECF No. 1 at 2.) To the contrary, she alleges in her complaint that this conduct by the pit manager was among the incidents she described in her complaints to the two agencies, therefore showing that such conduct occurred prior to her filings with the DFEH and the EEOC, rather than having been caused by plaintiff's protected action. (Id.) Furthermore, plaintiff does not allege when any of the alleged incidents took place, whether any incidents occurred after she filed her claims, or whether the named defendants were aware that plaintiff had filed claims with the DFEH and the EEOC. Therefore, plaintiff fails to plead the existence of a plausible causal link between the alleged conduct and the alleged protected activity. Accordingly, the complaint fails to state a retaliation claim.

### IV.     Conclusion

For the reasons discussed above, the allegations in plaintiff's complaint fail to state a cognizable claim against defendants. Nevertheless, in light of plaintiff's pro se status, and because it is plausible that further amendments to the pleading might cure the defects in her allegations discussed above, the court grants plaintiff leave to amend. Noll, 809 F.2d at 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be no longer than 20 pages; shall correct the deficiencies outlined in this order; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

////

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint in compliance with the court's order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 22, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE